Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Marvin E. Aspen |
|---|---|---|---|
| **CASE NUMBER** | 89 C 20168 | **DATE** | 8/8/2001 |
| **CASE TITLE** | PEOPLE WHO CARE vs. ROCKFORD BD. OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter attached Memorandum Opinion and Order Setting Responsibilities and Powers of Monitor.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG - 8 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/8/2001 | |
| | | date mailed notice | |
| tml | courtroom deputy's initials | gg | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
AUG -8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED-WD
01 AUG -8 AM 9:57
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| PEOPLE WHO CARE, et al., ) | |
| Plaintiffs, ) | |
| v. ) | 89 C 20168 |
| ROCKFORD BOARD OF EDUCATION, ) | Magistrate Judge P. Michael Mahoney |
| SCHOOL DISTRICT # 205, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER SETTING RESPONSIBILITIES AND POWERS OF MONITOR

Pursuant to the Order of June 29, 2001, the role of the Master, Dr. Eugene Eubanks, was transferred by this court to the role of Monitor. This Order will lay out the responsibilities and powers of the Monitor. The Order is based, to a large extent, on the Order entered April 24, 1991, by Judge Roszkowski, which was an order of reference to Monitor for the Second Interim Order and related again to Dr. Eubanks.

The Monitor shall have the following principal duties: To examine and evaluate the full scope of Defendant's implementation of and compliance with the representations made both to the District Court and to the Court of Appeals concerning the Milliken II remedies which are to be provided through June 30, 2002. The representations are contained in the Motion for Unitary Status, memorandums filed in support of that motion, findings of fact and conclusions of law that were filed by the District in regard to the Motion for Unitary Status, testimony from the hearing on unitary status and any representations made in the briefs and materials filed with the Seventh Circuit Court of Appeals regarding Milliken II.

The Monitor shall review any substantial concerns raised by either party concerning implementation and compliance with the Milliken II remedies. The Monitor shall report to the court twice prior to June 30, 2002. The first report shall be at approximately the end of the first semester of the 2001-2002 school year. The second report may be filed when deemed appropriate by the Monitor but must be filed prior to June 1, 2002.

The Monitor may make suggestions or recommendations to the parties or the court as the Monitor deems appropriate, either in the reports which shall be filed with the court, or otherwise. The Monitor may also make recommendations to the District regarding implementation of the Milliken II remedies. The Monitor shall provide to the court information, suggestions or recommendations as may be requested by the court at any time in relation to the Milliken II remedies. If the Monitor makes a recommendation to the court, both parties will have the opportunity to respond before the court takes any action. The Monitor shall have the authority to employ necessary clerical staff. The Monitor shall be paid to the same extent and through the same system as was provided for when the Monitor functioned as Master.

The Monitor shall have the following powers: 1) The Monitor shall have the complete and unrestricted access to the facilities of District 205, including access to all records, files, reports, memoranda and correspondence, plans, notices, budgets, compliance reviews or other documents relative to the Monitor's duties contained in this document. 2) The Monitor shall have the authority to conduct at reasonable times and places interviews with persons whom he believes to have information that will assist him in performing his duties. This will include Defendant's employees, agents and staff. Defendant is ordered to encourage the full cooperation of people under their control. The Monitor may also consult with the Plaintiffs, parents and students. The Monitor may attend any formal institutional meetings or proceedings conducted by Defendant regarding subject matter relative to the duties contained in this Order. The Monitor shall have the authority to require, through the Superintendent, written reports from any defendants, employees, agents or staff with respect to compliance with the Milliken II remedies. The Monitor shall also have the authority to require submissions from counsels for the parties.

The court suggests that the Monitor perform his functions with relative informality in order to hold costs down and to discharge his duties in a prompt, effective and efficient manner. The Monitor, of course, has no right to secure information that is subject to the attorney-client or work-product privilege unless the court orders that the matters be divulged. All actions of the Monitor

shall be under the direct control and supervision of this court. The Monitor shall not be empowered to direct Defendant school district or any of its personnel to take or to refrain from taking any specific action. The sole power to direct the school district and to punish non-compliance remains with this court.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE

DATED: 8/8/01